IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARONDA D. BROOKINS,<br>  Plaintiff,<br><br>   v.<br><br>RED CLAY CONSOLIDATED<br>SCHOOL DISTRICT,<br>  Defendant. | CIVIL ACTION<br>No. 07-3374 |

**O R D E R**

      **AND NOW**, this             day of September, 2007, upon consideration of Plaintiff's Request for Appointment of Attorney, it is **ORDERED** that Plaintiff's Request is hereby **DENIED**.  Plaintiff has no constitutional or statutory right to appointment of counsel in a civil lawsuit.  See Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).  Moreover,

> [t]he appointment of counsel for an indigent plaintiff in a civil case . . . is discretionary with the court and is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but meritorious case.

Tabron, 6 F.3d at 154 (quoting Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).

In this case, there are no special circumstances requiring counsel. The plaintiff, judging from the pleadings and motions, is able to articulate with clarity the basis of his claims. Plaintiff writes clearly in the English language. See Tabron, 6 F.3d at 156. The issues involved are narrow, and they do not appear to involve complex legal questions. See id.; see also Hamilton v. Leavy, 117 F.3d 742, 749 (3d Cir. 1997) (emphasizing plaintiff's ability to present case; difficulty of legal issues; and degree to which case will require extensive factual investigation or credibility determinations). Finally, plaintiff's descriptions of the events in question do not lead the court to believe that extensive factual investigations or expert witnesses will be necessary. See Parham, 126 at 457.

**BY THE COURT:**

/s/ Marvin Katz
_____
**MARVIN KATZ, S.J.**