IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARONDA D. BROOKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 08-cv-11 GMS |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT RED CLAY CONSOLIDATED SCHOOL DISTRICT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), 42 U.S.C.A.§ 2000e-2(a), and 42 U.S.C.A.§ 2000e-5(e)(1), defendant Red Clay Consolidated School District, hereinafter "Red Clay", respectfully moves for an order dismissing plaintiff's claims against it for failure to comply with the statute of limitations and for failure to state a claim upon which relief may be granted. In support of its motion, defendant Red Clay offers the following:

**Background**

1. Defendant Red Clay is a school district located in New Castle County in the State of Delaware. Defendant Red Clay's main offices are located at: 4550 New Linden Hill Road, Wilmington, DE, 19808.

2. Plaintiff Aronda Brookins is a resident of the State of Delaware residing at: 108 Chestnut Avenue, Apartment #2, Wilmington, DE, 19808.

-2-

3. Ms. Brookins alleged in her complaint that she was terminated from her employment with defendant Red Clay on March 10, 2006, and explained the grounds for her termination as, "their reason was my criminal background".

4. On January 11, 2007, Ms. Brookins filed a Charge of Discrimination with the Delaware Department of Labor, a copy of which is attached as Exhibit A.

**Standard of Review**

5. Pursuant to 42 U.S.C.A.§ 2000e-5(e)(1), a Charge of Discrimination filed with a State Agency shall be filed within three hundred (300) days after the alleged unlawful employment practice.

6. 42 U.S.C.A.§ 2000e-2(a) forbids an employer to discriminate against any individual on the basis of race, color, religion, sex, or national origin.

7. In order to prevail on a Title VII claim, a plaintiff "must initially prove a prima facie case by showing that she is a member of a protected class, qualified for the job from which she was discharged, and that others, not in the protected class, were treated more favorably." *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d. Cir. 2005).

**Argument**

I. Plaintiff's Claims Are Time Barred For Failure To Comply With The Statutory 300 Day Charge Filing Deadline

8. Plaintiff was terminated from her position with Red Clay on March 10, 2006. In violation of 42 U.S.C.A.§ 2000e-5(e)(1), she did not file her Charge of Discrimination until January 11, 2007, more than 300 days after her termination.

-2-

9. This Court has held that all "Title VII claims based on events occurring more than 300 days earlier . . . are time barred." *Lacy v. National Railroad Passenger Corporation*, 507 F. Supp.2d 438, 442 (D.Del. 2007). As a matter of law, plaintiff's claims must be dismissed as time barred.

II. <u>Plaintiff's Complaint Fails To State A Title VII Claim</u>

10. In order to state a Title VII claim, a plaintiff must allege: 1) that she is a member of a protected class (race, color, religion, sex or national origin); 2) that she was qualified for the job from which she was discharged; and 3) that others, not in the protected class, were treated more favorably. 42 U.S.C.A.§ 2000e-2(a); *Hugh v. Butler,* 418 F.3d at 267.

11. Plaintiff has not alleged in her complaint that Red Clay discriminated against her on any of the following bases: race, color, religion, sex or national origin. 42 U.S.C.A.§ 2000e-2(a). Furthermore, plaintiff has not alleged 1) that she is a member of a protected class; 2) that she was qualified for the job from which she was discharged; and 3) that others, not in the protected class, were treated more favorably. *Hugh v. Butler*, 418 F.3d at 267. As a matter of law, plaintiff's claims must be dismissed for failure to state a Title VII claim.

In conclusion, for the above stated reasons, defendant Red Clay requests that this Court dismiss the claims against it for failure to comply with the statute of limitations and for failure to state a claim upon which relief may be granted.

                                              **WHITE and WILLIAMS LLP**

                                                /s/  Dana Spring Monzo
                                              **JOHN D. BALAGUER** (DE Bar #2537)
                                              **DANA SPRING MONZO** (DE Bar # 4605)
                                              824 North Market Street, Suite 902
                                              P.O. Box 709
                                              Wilmington, DE  19899-0709
                                              (302) 467-4501
                                              *Attorneys for Defendant, Red Clay*
                                              *Consolidated School District*

PHLDMS1 3908148v.1

-5-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARONDA D. BROOKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 08-cv-11 GMS |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this _____ day of _____, 2008, upon consideration of *Defendant Red Clay Consolidated School District's Motion to Dismiss* and any response thereto,

**IT HEREBY IS ORDERED AND DECREED** that the motion is **GRANTED** and the claims against *Defendant Red Clay Consolidated School District* are dismissed with prejudice.

**BY THE COURT:**

_____

J. Sleet

PHLDMS1 3908148v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARONDA D. BROOKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 08-cv-11 GMS |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I, Dana Spring Monzo, Esquire do hereby certify that on this 29th day of January, 2008, two copies of the foregoing **DEFENDANT RED CLAY CONSOLIDATED SCHOOL DISTRICT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** were served upon the following via CM/ECF and regular U.S. First Class Mail, postage prepaid:

Aronda D. Brookins
108 Chestnut Avenue #2
Wilmington, DE 19808
*Pro Se*

**WHITE and WILLIAMS LLP**

  /s/ Dana Spring Monzo
**JOHN D. BALAGUER** (DE Bar #2537)
**DANA SPRING MONZO** (DE Bar # 4605)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 467-4501
*Attorneys for Defendant, Red Clay Consolidated School District*

PHLDMS1 3908148v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARONDA D. BROOKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 08-cv-11 GMS |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| RED CLAY CONSOLIDATED SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT RED CLAY CONSOLIDATED SCHOOL DISTRICT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), 42 U.S.C.A.§ 2000e-2(a), and 42 U.S.C.A.§ 2000e-5(e)(1), defendant Red Clay Consolidated School District, hereinafter "Red Clay", respectfully moves for an order dismissing plaintiff's claims against it for failure to comply with the statute of limitations and for failure to state a claim upon which relief may be granted. In support of its motion, defendant Red Clay offers the following:

**Background**

1. Defendant Red Clay is a school district located in New Castle County in the State of Delaware. Defendant Red Clay's main offices are located at: 4550 New Linden Hill Road, Wilmington, DE, 19808.

2. Plaintiff Aronda Brookins is a resident of the State of Delaware residing at: 108 Chestnut Avenue, Apartment #2, Wilmington, DE, 19808.

-2-

3. Ms. Brookins alleged in her complaint that she was terminated from her employment with defendant Red Clay on March 10, 2006, and explained the grounds for her termination as, "their reason was my criminal background".

4. On January 11, 2007, Ms. Brookins filed a Charge of Discrimination with the Delaware Department of Labor, a copy of which is attached as Exhibit A.

**Standard of Review**

5. Pursuant to 42 U.S.C.A.§ 2000e-5(e)(1), a Charge of Discrimination filed with a State Agency shall be filed within three hundred (300) days after the alleged unlawful employment practice.

6. 42 U.S.C.A.§ 2000e-2(a) forbids an employer to discriminate against any individual on the basis of race, color, religion, sex, or national origin.

7. In order to prevail on a Title VII claim, a plaintiff "must initially prove a prima facie case by showing that she is a member of a protected class, qualified for the job from which she was discharged, and that others, not in the protected class, were treated more favorably." *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d. Cir. 2005).

**Argument**

I. Plaintiff's Claims Are Time Barred For Failure To Comply With The Statutory 300 Day Charge Filing Deadline

8. Plaintiff was terminated from her position with Red Clay on March 10, 2006. In violation of 42 U.S.C.A.§ 2000e-5(e)(1), she did not file her Charge of Discrimination until January 11, 2007, more than 300 days after her termination.

-2-

9. This Court has held that all "Title VII claims based on events occurring more than 300 days earlier . . . are time barred." *Lacy v. National Railroad Passenger Corporation*, 507 F. Supp.2d 438, 442 (D.Del. 2007). As a matter of law, plaintiff's claims must be dismissed as time barred.

II. <u>Plaintiff's Complaint Fails To State A Title VII Claim</u>

10. In order to state a Title VII claim, a plaintiff must allege: 1) that she is a member of a protected class (race, color, religion, sex or national origin); 2) that she was qualified for the job from which she was discharged; and 3) that others, not in the protected class, were treated more favorably. 42 U.S.C.A.§ 2000e-2(a); *Hugh v. Butler,* 418 F.3d at 267.

11. Plaintiff has not alleged in her complaint that Red Clay discriminated against her on any of the following bases: race, color, religion, sex or national origin. 42 U.S.C.A.§ 2000e-2(a). Furthermore, plaintiff has not alleged 1) that she is a member of a protected class; 2) that she was qualified for the job from which she was discharged; and 3) that others, not in the protected class, were treated more favorably. *Hugh v. Butler*, 418 F.3d at 267. As a matter of law, plaintiff's claims must be dismissed for failure to state a Title VII claim.

In conclusion, for the above stated reasons, defendant Red Clay requests that this Court dismiss the claims against it for failure to comply with the statute of limitations and for failure to state a claim upon which relief may be granted.

-4-

                                                  **WHITE and WILLIAMS LLP**

                                  /s/ Dana Spring Monzo
                              **JOHN D. BALAGUER** (DE Bar #2537)
**DANA SPRING MONZO** (DE Bar # 4605)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 467-4501
*Attorneys for Defendant, Red Clay Consolidated School District*

-5-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARONDA D. BROOKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 08-cv-11 GMS |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this _____ day of _____, 2008, upon consideration of *Defendant Red Clay Consolidated School District's Motion to Dismiss* and any response thereto,

**IT HEREBY IS ORDERED AND DECREED** that the motion is **GRANTED** and the claims against *Defendant Red Clay Consolidated School District* are dismissed with prejudice.

**BY THE COURT:**

_____
J. Sleet

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARONDA D. BROOKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.  08-cv-11 GMS |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I, Dana Spring Monzo, Esquire do hereby certify that on this 29th day of January, 2008, two copies of the foregoing **DEFENDANT RED CLAY CONSOLIDATED SCHOOL DISTRICT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** were served upon the following via CM/ECF and regular U.S. First Class Mail, postage prepaid:

Aronda D. Brookins
108 Chestnut Avenue #2
Wilmington, DE 19808
*Pro Se*

**WHITE and WILLIAMS  LLP**

   /s/  Dana Spring Monzo
**JOHN D. BALAGUER** (DE Bar #2537)
**DANA SPRING MONZO** (DE Bar # 4605)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
(302) 467-4501
*Attorneys for Defendant, Red Clay
Consolidated School District*

PHLDMS1 3908148v.1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2007-01113 |

**Delaware Department of Labor** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Aronda D. Brookins | (302) 995-1227 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 108 Chestnut Avenue, Apt. 2, Wilmington, DE 19805 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| RED CLAY CONSOLIDATED SCHOOL DIST. | 500 or More | (302) 636-8772 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2916 Duncan Road, Wilmington, DE 19808 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | Earliest: 03-10-2006  Latest: 03-10-2006<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I have been subjected to unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. I am a Black Female. I was employed with Respondent as a secretary. I left Respondent after being employed for five years and was re-hired September 19, 2005.

Upon being re-hired a background investigation was conducted and returned to Respondent on or about October 2005. My employment continued until I complained about what I felt was among other things an unfair distribution of work and work assignments. Respondent advised me that I was being terminated because of a criminal conviction from approximately 17 years ago. The information contained in the background investigation was not entirely accurate and a corrected version was presented to Respondent. The information contained in my background investigation Respondent failed to reinstate my employment based upon the updated information which I provided. In addition, the criminal conviction is beyond ten years and is not directly related to the job. Further, upon information and belief, Mike Teal (w/m) has a criminal conviction as well as a white female secretary. The decision to terminate was made by Deborah Davenport.

I alleged that Respondent took the action because of my race and in retaliation for my complaining about inequitable distribution of work and type of work assignment.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jan 11, 2007 — *Aronda Brookins* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date — Charging Party Signature | RECEIVED |