IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARONDA D. BROOKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 08-11-GMS-LPS |
| | : | |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

This is an employment discrimination case. Plaintiff, proceeding *pro se*, seeks an order reinstating her to her former position and damages for back pay. (D.I. 1 ¶ 1) Pending before me is Defendant's motion to dismiss the Complaint on the grounds that Plaintiff has failed to state a claim on which relief may be granted and that her claim is time-barred. For the reasons explained below, I recommend that Defendant's motion be granted and Plaintiff's claim be dismissed.

**PROCEDURAL AND FACTUAL BACKGROUND[1]**

Plaintiff Aronda D. Brookins is a Delaware citizen and former employee of Defendant Red Clay Consolidated School District ("Red Clay"), a school district in New Castle County, Delaware. (D.I. 17 at 1) Brookins was first employed by Red Clay as a secretary from 1995 until 1999, when she left of her own volition after suffering a series of personal bereavements. (D.I. 5 at 1; D.I. 17 Ex. A) On September 19, 2005, Brookins was re-hired by Red Clay, which

---

[1] As required, I accept all allegations of the Complaint as true and take them in the light most favorable to Brookins. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

1

commenced a background check on her shortly thereafter. (D.I. 17 Ex. A)

Brookins' background investigation was completed in October 2005. (D.I. 5 at 1; D.I. 17 Ex. A) It showed a criminal conviction from approximately 17 earlier that was "not directly related" to Brookins' ability to perform her job. (D.I. 17 Ex. A) Brookins was not immediately contacted about the investigation's findings, and she received an "excellent evaluation" at the end of her 90-day probation period. (D.I. 5 at 1) She continued to work at Red Clay without incident until – on a date not set forth in the Complaint or in the Charge of Discrimination Brookins filed with the Equal Employment Opportunity Commission (EEOC) – she began making complaints about what she considered unfair practices in the distribution of work assignments. (D.I. 17 Ex. A)

On March 10, 2006, Brookins was informed by Human Resources Director Debra Davenport that Red Clay was terminating her employment because of her past criminal conviction. (D.I. 5 at 1) While Brookins maintained that the information uncovered in her background investigation "was not entirely accurate," and presented "a corrected version" of events to Red Clay, she failed to win her job back. (D.I. 17 Ex. A)

On January 11, 2007, Brookins filed a Charge of Discrimination with the EEOC against Red Clay (the "Charge Form"). *Id.* She specifically charged Red Clay with unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964 based on her race (African American) and discrimination based on retaliation "for [Brookins'] complain[ts] about inequitable distribution of work and type[s] of work assignment[s]." *Id.*[2] The Charge Form

---

[2]In the Charge of Discrimination Form Brookins filed with the EEOC, she explicitly stated that her firing followed her complaints about work assignments. (D.I. 17 Ex. A) However, in the Complaint she filed in the instant action, Brookins alleges only that Red Clay's

further alleged that two of Brookins' former co-workers, Mike Teal (a white male) and an unnamed white female secretary, also had criminal convictions. *Id.* The date of discrimination Brookins gave was the date of her termination, March 10, 2006. *Id.*

On August 11, 2007, Brookins filed the instant action in the U.S. District Court for the Eastern District of Pennsylvania.[3] (D.I. 5) On December 6, 2007, that court denied Red Clay's motion to dismiss for improper venue but transferred the case to this District, concluding that Delaware was the proper venue. (D.I. 14)

In this Court, after briefing was completed on the pending motion to dismiss (D.I. 16; D.I. 22), Brookins filed a letter seeking a continuance "in order to gain further knowledge of the information [related in Red Clay's arguments in support of its motion to dismiss] and to also clarify that this case is not a discriminatory case it is in fact a case of retaliation." (D.I. 20) Brookins argued that because she is proceeding *pro se*, she requires more time "to detail instances, dates and other pertinent information necessary to this case." *Id.*

---

"reason [for terminating Brookins' employment] was [her] criminal background." (D.I. 5 at 1) I take the Complaint to mean that Red Clay's stated reason for firing Brookins was her criminal record and (based on the Charge Form) Brookins is alleging in her Complaint that the real reason for her firing was retaliation for her complaints regarding work assignments and race discrimination – not discrimination based on her criminal record.

[3]It is not clear from the record before me whether the EEOC actually empowered Brookins to bring the instant action. "The jurisdictional prerequisites to a suit under Title VII are the filing of charges with the EEOC and the receipt of a Notice of Right to Sue." *Tillman v. Pepsi Bottling Group*, 2005 WL 2127820, at *5 (D. Del. Aug. 30, 2005) (internal citation omitted). While Brookins alluded to her receipt of a right to sue letter in the Complaint – indicating that a "copy is attached" (D.I. 5 at 2) – and in her response to Red Clay's motion to dismiss in the Eastern District of Pennsylvania, *see* D.I. 12 at 12 ("I received a final right to sue letter from the EEOC indicating that I may file suit in a United States Federal District Court."), I have not been able to find the letter in the record.

## LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly,* 127 S. Ct. at 1974. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*,

113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

A court deciding a motion to dismiss is permitted to consider exhibits attached to the complaint itself as well as any "undisputedly authentic" document attached to the defendant's motion to dismiss "if the plaintiff's claims are based on the document." *Rossman v. Fleet Bank (R.I.) Nat. Ass'n,* 280 F.3d 384, 388 n.4 (3d Cir. 2002) (internal citations omitted).

When a litigant proceeds *pro se*, her submissions "are to be construed liberally and held to less stringent standards than [the] submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or [a] litigant's unfamiliarity with rule requirements." *Kloth v. Southern Christian University*, 494 F.Supp.2d 273, 278 n.7 (D. Del. 2007).

## DISCUSSION

While Brookins does not set forth in the Complaint the statute on which she bases her claim, it can reasonably be inferred from her EEOC filing that she seeks to press a Title VII action for racial discrimination and retaliation.[4] Regardless of whether Brookins seeks to proceed under a generalized theory of discrimination (as her Complaint suggests), retaliation and

---

[4]Brookins does not appear to have submitted to the Court any documentation of her EEOC claim. However, the January 2007 EEOC Charge Form was entered in the record by Red Clay as an exhibit to the instant motion (D.I. 17 Ex. A), and Brookins does not dispute the Form's authenticity. Thus, I consider the facts contained therein – including the alleged basis for the instant claim – and take them in the light most favorable to Brookins. *See Pension Benefit Buar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document.").

no other form of discrimination (as she indicates in her request for a continuance), or discrimination based on race and retaliation (as set forth in her EEOC Charge Form), I conclude that the claim is time-barred.

Brookins was terminated by Red Clay on March 10, 2006. (D.I. 5 at 1) She did not file a Title VII Charge of Discrimination with the EEOC until 307 days later, on January 11, 2007. (D.I. 17 Ex. A) Under Title VII, "in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C.A. § 2000e-5(e)(1). In other words, "Title VII claims based on events occurring more than 300 days earlier . . . are time barred." *Lacy v. National Railroad Passenger Corp.*, 507 F. Supp.2d 438, 442 (D. Del. 2007). Though Brookins missed the statute of limitations by only one week, I am bound by the statute to recommend dismissal.

As support for the timeliness of her filing, Brookins alleges for the first time in her answering brief that her administrative claim was filed before the date listed on the Charge Form, and that, prior to completing a written form, she attempted to file a claim by telephone – and was assigned a claim number – before the statutory deadline. (D.I. 18 at 3) However, "[g]iven the standard for a motion to dismiss, the court [may] consider[] only those facts pled in the complaint and not those additional facts alleged in the brief answering [a] motion to dismiss." *Tillman*, 2005 WL 2127820, at *1 n.2. On the basis of those items in the record I can properly consider on the instant motion – the Complaint and the Charge Form – Brookins' claim is subject

to dismissal for untimeliness.[5]

## RECOMMENDED DISPOSITION

For the reasons set forth above, I recommend that Defendant's Motion to Dismiss (D.I. 16) be GRANTED and that the Complaint be DISMISSED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections **of no longer than ten (10) pages within ten (10) days after being served with a copy of this Report and Recommendation**. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006). **A party responding to objections may do so within ten (10) days after being served with a copy of objections; such response shall not exceed ten (10) pages. No further briefing shall be permitted with respect to objections without leave of the Court.**

The parties are directed to the Court's Standing Order in *Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on the Court's website at www.ded.uscourts.gov/StandingOrdersMain.htm.

Dated: July 17, 2009

_____
Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE

---

[5] Because Brookins' claim is time-barred, it is unnecessary to reach Red Clay's additional grounds for dismissal.