IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARONDA D. BROOKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | Civil Action No. 08-11 (GMS) |
| RED CLAY CONSOLIDATED ) | |
| SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

### I. INTRODUCTION

On January 11, 2007, the plaintiff, Aronda D. Brookins ("Brookins"), filed a charge of discrimination with the Delaware Department of Labor. (D.I. 17, Ex. A.) Brookins alleged that the defendant, Red Clay Consolidated School District ("Red Clay"), engaged in unlawful employment practices when it terminated her as an employee on March 10, 2006. (Id.) On August 11, 2007, Brookins filed a complaint with the United States District Court for the Eastern District of Pennsylvania. (D.I. 5.) Following a transfer of venue to this court, Magistrate Judge Leonard Stark recommended that Brookins' complaint be dismissed as time-barred. (D.I. 23.) Presently before the court are Brookins' objections to Magistrate Judge Stark's Report. (D.I. 26.) For the following reasons, the court will sustain those objections and grant Brookins leave to file an amended complaint.

### II. BACKGROUND

Brookins was first employed as a secretary with Red Clay in 1995. (D.I. 5.) Brookins remained employed there until 1999, when she resigned for personal reasons. (Id.) On September

19, 2005, Brookins was rehired by Red Clay in the Human Resources Department. (D.I. 23 at 1.) Upon being rehired, Brookins was subjected to a criminal background check. (Id. at 2) Following the background check, Brookins alleges that she received assurance from her boss, Debra Davenport ("Davenport") that she had nothing to worry about in regards to job security. (D.I. 26. at ¶ 2.)

Brookins alleges that her "union" connections were what eventually led to her unlawful termination.[1] (Id. at ¶ 3.) Specifically, Brookins alleges that because of her union affiliation, Davenport gave her more strenuous work assignments and refused to accept her doctor notes. (Id. at ¶ 4.) Brookins also claims that the malicious attacks escalated after Davenport learned she attended a union meeting on February 24, 2006, leading to her eventual termination on March 10, 2006. (Id. at ¶ 5, 7.) Red Clay contends that the reason for Brookins' termination was a past criminal conviction. (D.I. 23 at 2.) Finally, Brookins supports her wrongful termination claim by also alleging that a white male employee remained employed despite having a more recent felony conviction on his criminal record. (D.I. 26 at ¶ 9.)

### III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir.2008); *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). "To survive dismissal, a complaint must contain sufficient factual matter,

---

[1] In her filings, Brookins refers generally to a "union" and the "union community," but does not specifically provide any additional details as to a particular union or the nature of her union connections.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that a defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because Brookins proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

## IV. DISCUSSION

### A. Statute of Limitations

An aggrieved party who has "initially instituted proceedings with a State or local agency" in a charge for discrimination against their employer must file their complaint "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C.A. § 2000e-5 (e)(1). Generally, claims made after the three hundred day period are time barred. *Lacy v. Nat'l R.R. Passenger Corp.*, 507 F. Supp. 2d 438, 442 (D. Del. 2007). In determining the timeliness of a charge

for discrimination, however, the claim may be subject to equitable tolling. *Hart v. J.T. Baker Chemical Co.*, 598 F.2d 829, 831 (3rd Cir. 1979). "Put simply, equitable tolling may be available when the plaintiff's failure to meet a deadline is someone else's fault." *Dillard v. Runyon*, 928 F. Supp. 1316, 1325 (S.D.N.Y. 1996).

Certain conduct by an administrative agency or other third-party may trigger the equitable tolling of the statute of limitations. *Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 451-52 (8th Cir. 1998). The plaintiff bears the burden of proving its entitlement to relief. *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 503 (5th Cir. 1994). In *Lawrence*, the court tolled the limitation period when the Equal Employment Opportunity Commission ("EEOC") misled the plaintiff into believing that her claim was still temporally viable, but failed to complete the formal charge form and obtain Lawrence's verification until after the prescribed deadline had passed. *Lawrence*, 132 F.3d at 451-52. Since the EEOC's misconduct was beyond the control of the plaintiff, the court held that equitable tolling was proper. *Id.* at 452.

Nevertheless, courts are not always willing to order tolling based on a third party's administrative error. *Hamel v. Prudential Ins. Co.*, 640 F. Supp. 103, 105 (D. Mass. 1986). In *Hamels* the court held that equitable intervention was not necessary, despite an administrative error by the EEOC. *Id.* Although there was an administrative error, it was the duty of Hamel's lawyer to make sure that her claim was closely monitored. *Id.* The court held that it was the duty of the lawyer to make sure her claim would not go stale. *Id.* The court explicitly mentioned though that "the result might well be very different were Ms. Hamel an unrepresented layperson, unfamiliar with the procedural complexity of the statute." *Id.*

On January 11, 2007, Brookins filed a charge of discrimination with the Delaware

4

Department of Labor, based on conduct that occurred on March 10, 2006. (D.I. 17, Ex. A.) Thus, the claim was filed 307 days after the alleged discrimination, and 7 days after the expiration of the limitations period. (Id.) In her reply to the defendant's Motion to Dismiss, Brookins alleges that she had originally "filed a claim" in a timely fashion with the EEOC. (D.I. 18. at ¶ 5.) Although the extent of Brookins' interaction with the EEOC is not clear, it appears that her initial attempts to file a claim were made through phone calls to the EEOC. (See id.) According to Brookins, there was a filing error on the part of the EEOC, which was only corrected by transferring it to a "secondary case" which was then filed properly. (Id.) The so-called secondary case was then filed after the 300 day statute of limitations expired. (Id.) Considering Brookins' status as a *pro se* litigant, her assertion that EEOC errors delayed the formal filing of her claim, that she does not appear to have been dilatory in pursuing her claims, and that she missed the filing window by a mere seven days, the court believes Brookins would be entitled to the benefit of equitable tolling were the facts concerning the EEOC delays included in her amended complaint. The court will deny the defendant's motion to dismiss on this ground, and grant Brookins the opportunity to amend her complaint to include her assertions regarding the EEOC delays.

**B.    Failure to State a Claim**

Although Brookins does not specifically make a claim for retaliatory termination in her original complaint, it is plausible in reading the allegations in her other filings that this was her intention. (D.I. 26.) Brookins specifically states that both her work and criminal background was not a factor in her termination, and that it was not until Davenport learned of Brookins' union involvement that the actions leading to her termination began. (Id. at ¶ 2-4.) The documents pertaining to Brookins' interaction with the EEOC similarly indicate that she believed that the real

reason for her termination was not her criminal background, but rather her race and union affiliation. (See D.I. 16 Ex. 1 ("I allege[] that Respondent [terminated me] because of my race and in retaliation for my complaining about inequitable distribution of work and type of work assignment.").) Given that Brookins is a *pro se* litigant, the court infers from these statements that she intended to assert claims based upon retaliation and racial discrimination, and that Ms. Brookins believes that her criminal conviction was merely a pretext for her termination. (Id.) In order to make a fair determination of her claim, the court will grant Brookin's leave to amend her complaint so that she may clarify the nature of her claims and the factual basis for those claims.

Dated: December 11, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARONDA D. BROOKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) Civil Action No. 08-11 (GMS) |
| RED CLAY CONSOLIDATED | ) |
| SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendant's Motion to Dismiss (D.I. 17) is DENIED.

2. The magistrate judge's June 22, 2009 Report and Recommendation (D.I. 23) is OVERRULED.

Dated: December 11, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE